Helen F. Marley
vs.
Bankers Indemnity Ins. Co.
No. 87983.

April 22, 1932.

BLODGETT, J. Heard upon plea in abatement.

Action of debt on judgment.

Judgment was obtained by plaintiff against one Beatrice Cohen for $1,500 and costs $46.80 for damages resulting from a collision of two automobiles, upon which judgment no amount has been paid.

Beatrice Cohen held a policy of defendant insurance company, in the usual form of such policies, agreeing therein to indemnify said Cohen for any damages assessed against her up to $7,500.

The action is brought under Sec. 7 of Chapter 258 of the General Laws of 1923.

The plea raises two questions:

(1) Whether or not debt on judgment is the proper form of action.

(2) Whether or not a return of "non est inventus," upon an execution issued in such action against Cohen, is necessary after a recovery of judgment as aforesaid, before an action can be brought against the insurer.

Sec. 7, Chapter 258, General Laws 1923 is as follows:

"Every policy hereafter written insuring against liability for property damage or personal injuries or both, other than payment of compensation under Chapter 92 of the General Laws, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable.

"Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant.

"If, however, the officer serving any process against the insured shall return said process "non est inventus," the said injured party, and, in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer.

"Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; *Provided*, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid; and provided further that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

"All policies made for the insurance against liability described in this section shall be deemed to be made subject to the provisions hereof, and all such policies inconsistent herewith shall be void."

Up to the conclusion of this section providing for the repeal of acts inconsistent therewith, it will be noted that same consists of a series of sentences and each is followed by a period mark.

In the first sentence, it is the evident intention of the legislature to provide a clear and summary remedy against an insurer.

The second sentence provides that the insurer shall not be joined in an action against the insured.

The third sentence provides that the insurer can be proceeded against directly in case the officer serving any process shall return same "non est inventus."

The fourth sentence provides that any injured person after having obtained judgment against the insured may proceed in said judgment in a separate action against the insurer.

It would seem to the Court that it is plain that the intention of the legislature was to provide a summary action against the insurer after the person injured had obtained judgment against the insured.

In fact, our Supreme Court in *Miller* vs. *Metropolitan Ins. Co. of New York*, 50 R. I. 166, at page 170, uses this language in construing this section:

"It was to enable collection to be made from the indemnitor even if the insured had not been found, or had not after a recovery of a judgment paid the same."

Plea in abatement denied.

For plaintiff: A. A. Arabian, Edward H. Ziegler.

For defendant: Fergus J. McOsker.